**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods, LLP,, <br>         Plaintiff, <br> vs. <br> Green Planet, Inc., <br>         Defendant. | No. CV-13-01247-PHX-PGR <br><br> ORDER |

      The defendant removed this action on June 21, 2013 solely on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.  Having reviewed the defendant's Notice of Removal of Action to determine if subject matter jurisdiction exists in this Court, the Court finds that the notice of removal is facially deficient because it fails to properly allege the existence of diversity of citizenship jurisdiction.

      The defendant has not met its jurisdictional pleading burden regarding the citizenship of the plaintiff in that the notice of removal merely states that the plaintiff is an Arizona limited liability partnership with its principal place of business in Arizona.  This allegation is insufficient as a matter of law because to properly plead diversity jurisdiction when a partnership is a named party, the notice of removal must

affirmatively allege the citizenship of each individual partner, whether general or limited, since a partnership is not a "citizen" for purposes of § 1332.[1] Carden v. Arkoma Associates, 494 U.S. 185 (1990).

The defendant has also not properly alleged its own citizenship since the notice of removal merely states that it is a California corporation. Since a corporate party is a citizen of the state by which it has been incorporated and of the state where it has its principal place of business, 28 U.S.C. § 1332(c)(1), "an allegation that a corporation is a citizen of a certain state (without more) is not an allegation of fact, but a mere conclusion of law" that is inadequate to establish diversity jurisdiction.[2] Fifty Associates v. Prudential Insurance Co. of America, 446 F.2d 1187, 1190 (9th Cir. 1970).

In order to cure these jurisdictional pleading deficiencies, the Court will require the defendant to file an amended notice of removal that properly and affirmatively identifies each partner of the plaintiff and each partner's citizenship, and properly alleges its own state of incorporation and the state in which it has its principal place of business. The defendant is advised that its failure to timely comply with this order will result in the remand of this action without further notice for lack

/ / /

---

[1] Since only a corporation or an individual may be a citizen for purposes of § 1332, the amended notice of removal must set forth any sublayers of partners or other non-citizen entities that the plaintiff may have. If any of the plaintiff's partners are individuals, their state of citizenship, not their state of residency, must be affirmatively alleged.

[2] Although the complaint alleges that the defendant "maintains a place of business" in Riverside, California, that is not sufficient to cure the pleading deficiency in the notice of removal because the Court cannot determine from that allegation where the defendant has its principal place of business.

of subject matter jurisdiction. Therefore,

IT IS ORDERED that the defendant shall file an amended notice of removal in compliance with this Order no later than **July 8, 2013**.

DATED this 25th day of June, 2013.

Paul G. Rosenblatt
United States District Judge